Daniel CROWL, Plaintiff,

v.

M. CHIN REALTY TRUST, Defendant.

Civil Action No. 08–10022–NMG.

United States District Court,
D. Massachusetts.

March 10, 2009.

Joseph G. Abromovitz, Dedham, MA, for Plaintiff.

George R. White, Jr., Morrison Mahoney LLP, Boston, MA, for ThirdParty Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case was brought pursuant to the Massachusetts Wrongful Death Statute, M.G.L. c. 229, § 2, *et seq.*, by plaintiff Daniel Crowl ("Crowl"), the administrator of the estate of his twin brother, Derek Crowl ("the decedent"), against Michael Chong Yuen Chin ("Chin"), the presumed owner of an apartment house at 49 St. Mary's Street, Brookline, Massachusetts ("the premises"). Crowl alleges that on or about March 16, 2007, a fire broke out on the premises ignited by a charcoal grill on a third-floor wooden balcony. That fire allegedly killed the decedent, who was an invited guest of Jeremy Maciejewski ("Maciejewski"), the tenant of Apartment 3 of the premises, at that time. Now pending before this Court are the defendant's mo-

tion to dismiss part of the complaint and the plaintiff's motion to amend the complaint.

## I. Background

Crowl's complaint states three counts of negligence, seeking compensation for, *inter alia*, 1) the medical, funeral and burial expenses and the conscious pain and suffering of the decedent in the amount of $1,000,000 (Count I), 2) the loss of reasonably expected net income, services, protection, care, assistance, society and companionship of the decedent in the amount of $1,000,000 (Count II) and 3) punitive damages in the amount of $2,500,000 (Count III).

In his answer, Chin denies any negligence and asserts five affirmative defenses. He has also filed a third-party complaint against Maciejewski, alleging that Maciejewski caused or permitted smoking to occur on the premises and the use of the grill located on the balcony. Chin claims 1) contribution pursuant to M.G.L. c. 231B, § 1, *et seq.*, (Count I) and 2) common law indemnification for any liability that may be imposed against him in this suit (Count II).

On May 29, 2008, prior to service of the third-party summons and complaint upon Maciejewski, Crowl moved to substitute M. Chin Realty Trust ("Chin Realty") for Chin as the proper defendant. The Court allowed that motion shortly thereafter.

There are currently two motions pending before the Court. The first is an unopposed motion filed by Maciejewski to dismiss Count II of the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(6). That motion will be allowed. The other pending motion is the plaintiff's second motion to amend his complaint. In his motion, Crowl seeks 1) to add as defendants Maciejewski and Gateway Real Estate Group, Inc. ("Gateway"), which allegedly managed and controlled the premises

at the relevant time, 2) to add claims against Maciejewski and Gateway for negligence pursuant to the Wrongful Death Statute, 3) to join himself, his mother and grandmother as individual plaintiffs in the suit and 4) to add individual claims for negligent infliction of emotional distress against Chin Realty, Maciejewski and Gateway. Maciejewski has filed a partial opposition to that motion.

## II. Analysis

### A. Legal Standard for a Motion to Amend

■ Pursuant to Fed.R.Civ.P. 15(a)(2), a pleading may be amended before trial with leave of Court, which "should freely give leave when justice so requires". A motion to amend should not be granted when to do so would be futile. *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir.2001). When sought before the close of discovery, amendment is deemed futile when the proposed amended complaint would fail to withstand a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6). *Id.*

■ In addition, a motion to amend must satisfy Fed.R.Civ.P. 7(b)(1) which requires that a motion "state with particularity the grounds for seeking the order". That requirement is read "flexibly", however, and is satisfied when no party is prejudiced by a lack of particularity or when the court can "comprehend the basis for the motion and deal with it fairly". *Cambridge Plating Co., Inc. v. Napco, Inc.*, 85 F.3d 752, 760 (1st Cir.1996) (citation and internal quotation marks omitted).

### B. Application

Maciejewski contends that justice does not require amendment of the complaint because Crowl has unduly delayed the filing of his second motion to amend, i.e., ten

months since the filing of suit and five months since the filing of his first motion to amend. At a scheduling conference held on May 28, 2008, however, the Court granted leave for any party to amend or supplement its/his pleadings on or before October 31, 2008. Because Crowl filed his second motion to amend two weeks prior to that deadline, his motion is timely.

Maciejewski also argues that Crowl's motion to amend fails to meet the particularity requirement set forth in Fed. R.Civ.P. 7(b)(1) because it merely states that it seeks to add claims against Maciejewski, to add Gateway as a defendant and to add individual claims for negligent infliction of emotional distress. It does not state what specific claims Crowl seeks to bring against Maciejewski and Gateway or the grounds for any of the new claims to be asserted. A copy of the proposed amended complaint was not attached to the motion.

■ Maciejewski fails to allege what prejudice, if any, he will suffer as a result of the lack of particularity. Moreover, a day before the October 31, 2008, deadline, Crowl filed a copy of the proposed amended complaint (along with his response to Maciejewski's opposition). Therefore, Maciejewski has suffered no prejudice as a result of Crowl's bare-bones motion and Fed.R.Civ.P. 7(b)(1) does not stand in the way of its allowance.

With respect to the proposed additional claims for negligent infliction of emotional distress, Maciejewski asserts that it would be futile to allow Crowl to add them to his complaint. In order to assert a claim for negligent infliction of emotional distress, a plaintiff must prove, *inter alia*, that he/she suffered some physical harm. *Payton v. Abbott Labs*, 386 Mass. 540, 437 N.E.2d 171, 180 (1982). Moreover, recovery has been limited to those plaintiffs who witness an injury or come upon the injured party promptly after the injury is inflicted.

*Nancy P. v. D'Amato,* 401 Mass. 516, 517 N.E.2d 824, 826 (1988).

■ In his proposed amended complaint, Crowl does not allege that he or the other proposed individual plaintiffs have 1) suffered any physical harm and 2) witnessed the fire which killed the decedent or came upon the decedent shortly after the fire. Therefore, with respect to his proposed addition of negligent infliction of emotional distress, Crowl fails to state a claim upon which relief can be granted and Maciejewski is correct that it would be futile to allow Crowl to add such claims to his complaint. In addition, because Crowl purports to join himself, his mother and his grandmother as individual plaintiffs only for the purpose of bringing the claims for negligent infliction of emotional distress, it would be futile to allow the addition of those individuals as plaintiffs.

### ORDER

In accordance with the foregoing:

1) Maciejewski's motion to dismiss Count II of the third-party complaint (Docket No. 17) is **ALLOWED;** and

2) Crowl's motion to amend his complaint (Docket No. 20) is, with respect to the motion to add Maciejewski and Gateway as party defendants and claims against them under the Wrongful Death Statute, **ALLOWED** but is otherwise **DENIED.**

**So ordered.**